[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13194
Non-Argument Calendar
_____

U.S. Tax Court No. 8386-12

MOHAMED MAWJI, FATEMA MAWJI,

Petitioners-Appellants,

versus

COMMISSIONER, IRS,

Respondent-Appellee.

_____

Appeal from a Decision of the
United States Tax Court
_____

(August 12, 2014)

Before WILSON, ROSENBAUM, and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from a decision of the Tax Court that Mohamed Mawji and Fatema Mawji (taxpayers), petitioners-appellants, are liable for income tax deficiencies, and accuracy-related penalties, for their taxable years 2008 and 2009. The Tax Court entered its decision based on the proposed stipulation of facts submitted by the Commissioner of Internal Revenue (Commissioner), respondent-appellee.  Tax Ct. R. 91(a).[1]

As the taxpayers did not participate in the stipulation process, the Tax Court deemed the facts and evidence established under Rule 91(f).  Rule 91(f) prescribes the procedures to be followed when "a party has refused or failed to confer with an adversary with respect to entering into a stipulation in accordance with this Rule [91]."  Tax Ct. R. 91(f)(1).  It entered judgment in favor of the Commissioner.

---

[1] Rule 91(a)(1) states in relevant part:

> The parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact.  Included in matters required to be stipulated are all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.  Where the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

Tax Ct. R. 91(a).

We have carefully reviewed the record in this appeal.  It is clear from the record that, almost flagrantly, the taxpayers failed to cooperate in the stipulation process.  It is clear that the Commissioner made countless efforts to secure the taxpayers' cooperation; these efforts were either stonewalled or ignored.  Tax Ct. R. 91.

On the other hand, it is also clear from the record that the taxpayers neither filed nor asserted anything to indicate that they disagreed with the Commissioner's proposed stipulation of facts.  Also, it is clear that the taxpayers failed to make any offer of proof.[2]  Tax Ct. R. 91(f).

Upon completion of our record review, and our consideration of the briefs and the arguments of counsel, we find no abuse of discretion, and we affirm the judgment of the Tax Court.

AFFIRMED.

---

[2] Somewhat incredibly, the taxpayers appear to refer to a stipulation as a written statement of the evidence that they intend to offer at trial in support of their contested assertions.